[No. 27584. Department Two. August 21, 1939.]

JOHN H. ETHREDGE, *Respondent*, v. DIAMOND DRILL CONTRACTING COMPANY, *Appellant*.[1]

*Dillard & Powell*, for appellant.

*Brown & Weller*, for respondent.

MILLARD, J.—Plaintiff entered into a contract with defendant, under which the latter was obligated to drill a test well on plaintiff's property, the drilling to proceed at the option of the plaintiff so long as financed by him in accordance with the contract. On or about five months after commencement of the work under the contract, the parties entered into a supplemental

[1]Reported in 93 P. (2d) 324.

agreement. Three months later, defendant advised the plaintiff of suspension of drilling operations "under the provision of our agreement." Within less than a month after receipt of that notice, plaintiff brought an action against defendant for recovery of the amount paid by plaintiff to the defendant under the original contract. Trial to the court without a jury resulted in findings of fact and judgment in favor of the plaintiff for the amount claimed by him in his complaint. The defendant appealed.

Appellant contended that the trial court erred in holding that the words "five consecutive days of drilling," contained in the second agreement between the parties meant actual turning of the drill at the bottom of the hole. Appellant insisted that the words quoted meant no more than that appellant should diligently prosecute drilling operations, and that it was justified in its discontinuance of the work when appellant was unable to make progress at the rate provided in the contract.

We held (*Ethredge v. Diamond Drill Contracting Co.*, 196 Wash. 483, 83 P. (2d) 364) that the second agreement was supplementary to the first agreement and that the two must be read together as one contract; that the trial court was in error in excluding, on objection of appellant, parol evidence, offered by the respondent, of the parties signing the contracts or their agents to throw light upon the actual meaning of the parties, as a contract containing the words "five consecutive days of drilling" was, in that respect, ambiguous, as it might mean either actual drilling or diligent prosecution of drilling operations. We said:

"It is the opinion of the majority that the contract is ambiguous, and that the trial court should have admitted the evidence offered by respondent as to what was said by the interested parties at the time of the

signing of this agreement. If the language of the contract is not plain, statements by the parties who signed the same, or their agents, subject to the rules of evidence, should be admitted to throw light upon the actual meaning of the contract.

"The judgment appealed from is accordingly vacated, and the cause remanded, with instructions to the trial court to hear such competent, relevant, and material evidence as may be offered by either party as to what was said and done at the time the agreement of March 20th was executed by the parties. The superior court will then again render judgment determining the issues presented."

That is to say, the judgment was reversed, and the cause was remanded to the trial court with direction to hear such competent, relevant, and material evidence as might be offered by the respondent or appellant as to what was said and done at the time the second agreement was executed by respondent and appellant.

Pending the additional hearing, the trial court on appellant's motion therefor granted to appellant permission to amend its answer to the effect that the words "days of drilling" as customarily used in the business of drilling mean days devoted by a drilling crew to the general drilling operations and are not limited to actual drilling at the bottom of the hole.

Only three persons were present during the negotiation and signing of the contract in question: The respondent and his attorney on the one side and appellant's secretary, who represented his company. The testimony of those three witnesses as to their discussion respecting the meaning of the words "of drilling" that were inserted in the second agreement just prior to the execution of that agreement, is in conflict. Respondent and his attorney testified that the parties agreed that the contract meant that the five consecutive days' work was to be drilling on the bottom of

the hole, and that the words "of drilling" were added to show such meaning. Appellant's secretary testified that the added words were to show that the five days were to be expended in work in the hole and should not include time of shutdowns necessary to connect up the water supply or for other reasons.

On this additional hearing, three witnesses were permitted to testify in support of the allegations of appellant's amended answer. After hearing this additional testimony, the trial court again decided the case on the same ground given on the first trial and entered judgment in favor of plaintiff against defendant in the same amount that was awarded in the former hearing. Defendant appealed.

In remanding the cause to the trial court, it was the duty of the trial court to comply with the mandate of this court. Such mandate must be strictly followed and carried into effect according to its true intent and meaning, as determined by the directions given by this court. Proceedings contrary to the mandate must be treated as null and void. *Gudmundson v. Commercial Bank & Trust Co.,* 160 Wash. 489, 295 Pac. 167; 3 Am. Jur. 730, § 1234.

The trial court in following the direction of this court was limited to hearing

". . . such competent, relevant, and material evidence as may be offered by either party as to what was said and done at the time the agreement of March 20th was executed by the parties."

Clearly, the only evidence that was admissible on this additional hearing to throw light upon the actual meaning of the contract was as to what was said and done by the interested parties at the time of the signing of the agreement in question. Evidence of the intent of the parties drawn from custom or usage given by persons who were not present when the terms of

the contract were discussed was patently inadmissible on this additional hearing, which was limited as stated above.

We cannot say that the evidence preponderates against the trial court's findings. The trial court heard the witnesses and observed their demeanor on the witness stand and was in a more advantageous position than we to determine the question whether the intent of the parties in making the second contract was as represented by respondent or was as testified by appellant's secretary.

The judgment is affirmed.

BLAKE, C. J., STEINERT, GERAGHTY, and SIMPSON, JJ., concur.