GUS RAMADANIS AND MARATHON, INC., APPELLANTS, v. BOB STUPAK AND BOB STUPAK, INC., DBA BOB STUPAK'S VEGAS WORLD HOTEL AND CASINO, RESPONDENTS.

No. 20850

February 7, 1991      805 P.2d 65

*Peter L. Flangas,* Las Vegas, for Appellants.

*Laura Wightman FitzSimmons,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellants Gus Ramadanis (Ramadanis) and Marathon, Inc. (Marathon) sued Respondents Bob Stupak, Bob Stupak Inc., dba Vegas World Hotel and Casino (Stupak) and Chris Karamanos (Karamanos) for wrongful eviction and false arrest in 1982. In 1986, Karamanos settled the claims against him for $10,000.00.

During trial, the jury was instructed to assess full damages as if Karamanos were still a defendant because the amount of the Karamanos settlement would later be deducted from the verdict. The jury found respondents liable to Marathon for $9,528.75 and Ramadanis for $8,000.00: an entire judgment of $17,528.75. Ten thousand dollars—representing the Karamanos settlement—was deducted from the total judgment and Stupak paid appellants the remaining $7,528.75.

Ramadanis and Marathon filed separate motions for prejudgment interest which the trial court denied. On appeal, we held that the two plaintiffs below were entitled to prejudgment interest and remanded the action to correct the error. Ramadanis v. Stupak, 104 Nev. 57, 752 P.2d 767 (1988).

When the trial court calculated the prejudgment interest upon remand, it split the $10,000.00 settlement in half, deducted $5,000.00 from each verdict, and then computed the prejudgment interest. Ramadanis and Marathon appeal from the second judgment, contending that the district court erred in its method of computing the prejudgment interest.

We are asked to choose between two methods of computing prejudgment interest in situations where at least one of the defendants has settled before trial. Appellants urge this court to adopt the approach found in American Nat'l Watermattress Corp. v. Manville, 642 P.2d 1330 (Alaska 1982). In *American Nat'l Watermattress Corp.*, the Alaska Supreme Court used an algebraic formula designed to make the plaintiff whole, and no more.[1] *Id.* at 1344. The formula is based on the presumption that a settlement amount contains both principal and prejudgment interest.

---

[1]The formula is quoted as follows:
1) We start with two formulas that express our premises:

Respondents argue that the court correctly deducted the settlement amount prior to the entry of judgment and then computed prejudgment interest. This approach has been adopted in other jurisdictions.[2]

Either approach has advantages and disadvantages,[3] but we elect to adopt the non-algebraic method. Therefore, the trial court properly computed prejudgment interest after deducting the amount of the Karamanos settlement from the judgment.

---

a)  $S = I + P$

Where S is the amount of settlement, I is the amount of interest, and P is the amount of principal.

b)  $I = RP,\cdot$

Where R is the applicable rate of interest.

2) Then we simply manipulate these formulas to get one that will solve for "P."

| | |
|---|---|
| a)  $S = I + P$ | Premise |
| b)  $I = RP$ | Premise |
| c)  $S = RP + P$ | Substitute the "b" formula into the "a" formula. |
| d)  $S = P(R+1)$ | Factor out "P" from the right side of the "c" formula. |
| e)  $\dfrac{S}{R+1}$ | Divide both sides of the "d" formula by "R + 1" in order to solve for P. |
| 3)  $\dfrac{P = S}{(R+1)}$ | This formula will yield the principal amount of the Settlement. |

*Id.* at 1344. The Alaska Supreme Court then applies the formula after determining the figures for the settlement amount and rate of interest. *Id.*

[2]*See* McKown-Katy v. Rego, Co., 776 P.2d 1130 (Colo.Ct.App. 1989) (trial court properly deducted settlement amounts before adding statutory interest); Martinez v. Jesik, 703 P.2d 638 (Colo.Ct.App. 1985) (plaintiffs voluntarily settling with one codefendant give up right to statutory interest in exchange for the certainty of settlement); Harvey v. Security Services, 384 N.W.2d 414 (Mich.Ct.App. 1986) (plaintiff waived right to statutory interest on total amount of jury verdict when he accepted the settlement payment); Silisky v. Midland-Ross, Corp., 296 N.W.2d 576 (Mich.Ct.App. 1980) (plaintiff traded off the loss of interest for the waiting period in exchange for the certainty of settlement); Awedian v. Theodore Efron Mfg. Co., 239 N.W.2d 611 (Mich.Ct.App. 1976) (when plaintiffs accepted settlement money, they lost right to prejudgment interest on the entire verdict); Margadonna v. Otis Elevator Co., 542 A.2d 232 (R.I. 1988) (settlement amount is deducted before prejudgment interest is computed).

[3]The major problem with the Alaskan formula is that the result can be unfair to the non-settling defendant. Under the formula, a settlement is presumed to contain both interest and principal. The amount of the settlement determined to be principal is then subtracted from the verdict. There is a problem, however, when settlement occurs within a short time of the verdict but long after the time when the claim arises. The Rhode Island Supreme Court has stated:

In the case before us the settlement and the verdict occurred within a

We recognize that our holding will deprive appellants of prejudgment interest on the settlement amount. However, we merely view this as one factor that all plaintiffs should consider when settling with a defendant. Despite appellants' arguments to the contrary, we are not convinced that this approach will be a major deterrent to settlement. Indeed, a plaintiff may choose to waive his or her right to prejudgment interest in favor of the certainty and immediacy of settlement payments.

The judgment of the district court is affirmed.[4]

---

week of each other, and both occurred more than five-and-a-half years after the claim arose. This would result in a division of the settlement whereby two-thirds would be considered interest and only one-third would be considered principal. In our opinion, reduction of the judgment by such a small amount, would be unfair to defendant.

*Margadonna,* 542 A.2d at 236 n.2.

[4]The Honorable John Mowbray, Chief Justice, did not participate in the decision of this appeal.