Donna PRICE, Appellee,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, Appellant.

No. 69881.

Supreme Court of Oklahoma.

June 4, 1991.

Ken Chesnutt, Norman, for appellee.

Charles J. Scharnberg, Oklahoma City, for appellant.

DOOLIN, Justice.

We granted certiorari to consider whether a joint tortfeasor is entitled to have deducted from its liabilities the amount paid in settlement to the injured party by another joint tortfeasor concurrently responsible for the same injury. The district court, relying upon 12 Okla.Stat. § 832(H) (1981), reduced the jury's verdict by the settlement amount. The Court of Appeals reversed and remanded the cause with instructions to enter a sixty percent judgment of the jury verdict for passenger, the injured party. We disagree and vacate the summary opinion of the appellate court.

## I.

Appellee Donna Price, (Passenger), sustained personal injuries in an automobile accident resulting from the combined negligence of Bobby Carmon (Carmon), the driver with whom passenger was riding, and Gary Webb, appellant Southwestern Bell Telephone Company's, (Southwestern), employee driver. Another passenger in the Carmon vehicle, a minor, sued Carmon and Southwestern. As a result of that action, Southwestern was found 60% negligent, and Carmon was found 40% negligent for the collision.

Passenger commenced this action against Southwestern, alleging the injuries she suffered were caused by the negligence of Southwestern's employee, and that Southwestern was liable for the 60% negligence imputed to its employee driver while in the course of his employment. Southwestern conceded that its driver was found 60% negligent, and then filed a third party action against Carmon, seeking contribution since Carmon was determined to be 40% negligent. Subsequently, passenger filed a supplemental petition against Carmon seeking full recovery from both Southwestern and Carmon.

During pretrial, Southwestern and Carmon conceded liability. Both defendants also stipulated they were jointly and severally liable to passenger, who was without fault, and that their respective percentages of concurrent negligence, (60% & 40%), as previously established in a prior case, was binding in the instant cause of action. Thus, the only issue submitted to the jury was the amount of passenger's damages.

However, prior to trial, Passenger and Carmon negotiated a release and settlement agreement for $8,000.00. Passenger agreed "to hold harmless and indemnify (Carmon) ONLY from any further claim

from Southwestern Bell Telephone Company." Southwestern was not a party in the settlement. The jury returned a verdict of $5,000.00 in favor of Passenger, and against Southwestern and Carmon.

Passenger moved for judgment on the verdict for $3,000.00, (60% of $5,000.00), plus interest and cost. Southwestern contended that Passenger was entitled to no recovery, because Passenger's settlement with Carmon (1) made the defendants' stipulated percentages of concurrent negligence irrelevant, (2) effectively extinguished Southwestern's right of contribution from Carmon, and most importantly, (3) the settlement amount once deducted from the jury's verdict left Passenger with a null recovery. 12 Okla.Stat. § 832(H) (1981). Section 832, the contribution statute, provides in pertinent part:

A. When two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them except as provided in this section.

B. The right of contribution exists only in favor of a tort-feasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tort-feasor is compelled to make contribution beyond his own pro rata share of the entire liability.

\*     \*     \*     \*     \*     \*

D. A tort-feasor who enters into a settlement with a claimant is not entitled to recover contribution from another tort-feasor whose liability for the injury or wrongful death is not extinguished by the settlement nor in respect to any amount paid in a settlement which is in excess of what was reasonable.

\*     \*     \*     \*     \*     \*

H. *When a release,* covenant not to sue or a similar agreement *is given in good faith to one of two or more persons liable in tort for the same injury* or the same wrongful death:

1. *It does not discharge any of the other tort-feasors from liability* for the injury or wrongful death unless its terms so provide; *but it reduces the claim against others to the extent of any amount stipulated by the release or the covenant, or in the amount of consideration paid for it, whichever is greater;* and

2. It discharges the tort-feasor to whom it is given from all liability for contribution to any other tort-feasor. [Emphasis added].

The district court, applying § 832(H), ordered "that the amount of the verdict be reduced by the amount stipulated in the settlement agreement," and rendered judgment that Passenger was entitled to recover "the sum of No Dollars and No/00 ($0)." Passenger appealed asserting that the trial court improperly construed § 832, because (1) Southwestern, having not paid or even held liable for more than its proportionate share of liability, was not entitled to a right of contribution, (2) Southwestern had no standing to receive any benefit from the settlement with Carmon, because § 832(H) was not applicable; *See e.g., Kussman v. City and County of Denver,* 706 P.2d 776, 782 (Colo.1985), and (3) Southwestern, the 60% tortfeasor, escapes its joint liability, and is in effect granted a windfall.

## II.

The Court of Appeals, Division IV, with its vice-chief judge specially concurring, reversed the district court, and remanded the cause with instructions to enter judgment for passenger for sixty percent of $5,000.00, or $3,000.00. In supporting its decision, the appellate court opined:

Title 12 O.S.1981 § 832, was intended to govern contribution between tortfeasors *exposed* to liability for *all* of a plaintiff's damages.... The stipulation and settlement worked a waiver of Plaintiff's right

to recover *all* of her damages from either of these tortfeasors, and limited her recovery from the *individual* tortfeasors on a pro rata basis. When Plaintiff accepted the $8,000 settlement ..., this discharged that tortfeasor's pro rata share on Plaintiff's claim.... Any relief in the amount Southwestern Bell would ultimately pay was dependent upon the jury's verdict alone and not upon the prior settlement of a tortfeasor with a fixed, pro rata share of common liability.

The special concurrence observed that the appellate court's interpretation of § 832, similar to the reasoning of the Supreme Court of Colorado in construing a like statute: (1) championed the "broad public policy purposes" underlying § 832 in accord with 12 Okla.Stat. § 2 (1981) (force of common law) and 25 Okla.Stat. § 29 (1981) (liberal construction of statutes in derogation of common law), and (2) thwarted "an unjust windfall gain on Southwestern Bell."

In its petition for certiorari, Southwestern urges review and withdrawal of the appellate court's opinion for it disregards the unambiguous language of § 832, and is inconsistent with settled precedent, See *National Union Fire Ins. Co. v. A.A.R. Western Skyways, Inc.*, 784 P.2d 52 (Okla. 1989) and *Anderson v. O'Donoghue*, 677 P.2d 648 (Okla.1983). Finally, Southwestern contends that the summary decision creates an interdivisional conflict among opinions of the courts of appeals. *Cleere, infra*, 669 P.2d 785.

### III.

This case turns on the question of whether the appellate court acted correctly in granting Passenger judgment for sixty percent of the jury's verdict against two joint tortfeasors. We reject the Court of Appeals' opinion for we believe the trial court's resolution was correct.

First, the state of Colorado adopted the 1955 version of the Act. With respect to § 832(H), we observe that the Oklahoma Legislature added the subsection in 1980, five years prior to the Colorado Supreme Court's decision in *Kussman*. "Subsection H of § 832, which is the pertinent statutory language for the purposes of this case, is a direct statutory codification of section 4 of the uniform act, Uniform Contribution Among Tortfeasors Act, 13 U.L.A. § 4 (1959)." *Cleere v. United Parcel Service, Inc.* 669 P.2d 785, 787 (Okla.Ct.App.1983).

■ Generally, where one state has adopted the uniform laws or statutes from another state, at the time of such adoption, decisions from the latter state are persuasive in the former state's construction of such laws; however, subsequent interpretations placed upon such laws are not controlling or conclusive. *Anderson v. Fry*, 288 P.2d 1111 (Okla.1955), *Bank of the Lakes v. First State Bank*, 708 P.2d 1089 (Okla.1985). We noted in *National Union*, 784 P.2d, at 57: "the Oklahoma Legislature adopted neither the language of the [19]39 Act providing for a relative fault determination, nor the language of the [19]55 Act, disallowing proportionate determination." The Oklahoma Legislature did not elect the complete contents of either Act. Consequently, the appellate court's presumption that Oklahoma would adopt the Colorado Supreme Court's construction placed upon its contribution statute is unpersuasive. *Contra Ingram v. Oneok, Inc.*, 775 P.2d 810, 814 (Okla.1989).

Second, *Kussman*, implicitly implied in the majority analysis and apparently relied upon in the special concurrence, is not pertinent and is factually distinguishable from the instant case. In *Kussman*, the plaintiff-passenger commenced suit against the city, alleging her injuries sustained in a collision were caused by the negligence of the driver of city's fire truck. Since plaintiff owned the motor vehicle in which she was injured, the city joined the guest-driver as a third-party defendant, because under Colorado law, **the guest-driver's negligence is imputed to the owner of the vehicle.** The plaintiff did not join her guest-driver as a defendant, however, a

release was given to that tortfeasor. The jury determined each tortfeasor's degree of fault, imputed the guest-driver's 49% negligence to the plaintiff, and assessed plaintiff's total damage award.

The trial court, apparently considering the "unit rule" of negligence, entered judgment in favor of plaintiff and against city for the city's 51% share of the entire liability. The plaintiff's total damages was reduced by the 49% contributory negligence imputed to her by law. However, the court denied city's motion to further reduce the judgment by the settlement amount given to the guest-driver, because the Act had no application in plaintiff's negligence relationship with city.

In affirming the trial court, the Colorado Supreme Court, concluded that since city sought to impute the guest-driver's negligence to the plaintiff, making plaintiff 49% contributorily negligent, the original joint tortfeasor relationship between city and the guest-driver was terminated, including the right of contribution. Under Colorado's principles governing comparative negligence, the Act, providing for reduction of judgment to the extent of the settlement amount paid by another tortfeasor, was not applicable, because plaintiff could not be considered as a joint tortfeasor with city.

In such a case, we recognized this unit concept under the doctrine of comparative negligence in *Laubach v. Morgan*, 588 P.2d 1071, 1074 (Okla.1978): "where negligence of two or more tortfeasors is treated as a unit, ..., it is the same as if only one defendant is involved." The result in *Kussman* is compatible with the policy as we explained in *National Union*, 784 P.2d, at 56:

> [T]he repudiation of joint and several liability expressed in *Laubach*, [is only applicable] to 'tort litigation in which the injured party is a negligent co-actor.' Within Oklahoma then, in such a case [where the injuried party is 'faultless'], **joint and several liability with the right at common law of the plaintiff to recover all of his damages from any tort-feasor regardless of the degree of negligence that party contributed to the plaintiff's damages, continues to be the law.** [citations omitted, emphasis added].

The instant case does not present the same issue decided in *Kussman*. Here, an undisputed "faultless" Passenger filed a petition against Southwestern and Carmon, alleging the joint tortfeasors' negligence caused the injuries she suffered in a collision. The multiple tortfeasors conceded "common liability."

Both tortfeasors admitted their proportionate shares of contribution for satisfaction of their common liability owed to Passenger. This established a "joint tortfeasor relationship." Regardless of the tortfeasors' respective percentages of negligence, Passenger, "a faultless plaintiff, may collect [her] whole judgment from either negligent defendant and the comparative negligence statute, [23 Okla.Stat. § 13 (1981)], does not apply to such an action." *Anderson*, 677 P.2d, at 653. The only justiciable issue was the amount of Passenger's damages.

Trial was by jury. Before trial, Passenger settled with one joint tortfeasor in good faith for payment of $8,000.00. The settlement and release was not accepted as a complete satisfaction, and did not discharge the entire obligation owed Passenger, nor did it extinguish Southwestern's remaining liability as a joint tortfeasor.

Regardless of the degree of each tortfeasor's negligence, at that time, § 832 was applicable to this action, because a release was given to one tortfeasor, and both tortfeasors were liable "in tort for the same injury," since the concurrence of their negligent acts contributed to and caused the same injury to Passenger. *See e.g., Perlmutter v. Blessing*, 706 P.2d 772, 775 (Colo.1985) (announced the same day as *Kussman*, holding that where multiple tortfeasors are jointly and severally liable for the same injury, "the application of this section is clear: either the settlement

amount or the amount provided for in the settlement document, whichever is greater, must be deducted from the total judgment against the remaining tortfeasors").

▆ Section 832(H)(1) provides that where among multiple tortfeasors, one has settled in good faith, here Carmon, and another has not settled, Southwestern, the claim against the non-settling tortfeasor is reduced by the settlement amount since the settling tortfeasor is protected against further liability.

> It is presumed that the language of a statute expresses the intent of the Legislature and that the Legislature intended what is so expressed. Section 832(H) is clear and unambiguous, and rules of statutory construction are not applied where the Legislature plainly expresses its intent. Section 832(H) deals with 'a release, covenant not to sue, or similar agreement.' (Citations omitted.)

*Brigance v. Velvet Dove Restaurant*, 756 P.2d 1232, 1235 (Okla.1988). Contrary to the appellate court's construction, under § 832(H), a plaintiff's claim against a non-settling tortfeasor is not reduced by the settling tortfeasor's pro rata share. *Compare*, Uniform Contribution Among Tortfeasors Act of 1939, §§ 2 and 5, *with* § 4 of the 1955 Act, Commissioners' Comments, 12 U.L.A. 99–100. A plaintiff's recovery is not limited to the nonsettling tortfeasor's pro rata share of the common liability, nor does the plaintiff waive the right to recover all of his/her "damages from either of these tortfeasors."

The current provision, as promulgated by the National Conference of Commissioners on Uniform State Laws in 1955, is intended to encourage settlements for it gives the plaintiff, in advance of judgment, the exact reducible amount that plaintiff gives up in the remaining action against the nonsettling tortfeasor. It is the settlement amount, regardless of the settling or nonsettling tortfeasor's relative degree of fault for the whole of the common liability. Under the 1939 version of the Act, the plaintiff was reluctant to settle, because plaintiff did not know the exact amount of reducible damages attributable to the settling tortfeasor's "pro rata share." Furthermore, the settling tortfeasor was not always relieved from contribution liability. Uniform Contribution Among Tortfeasors Act, Commissioners' Comment, 12 U.L.A. 99–100.

Having settled with Passenger, Carmon was completely discharged, released and protected against further liability to the plaintiff and to Southwestern. In buying his peace, Carmon terminated his possible right to contribution. §§ 832(D), (H)(2). Likewise, Southwestern's possible right of contribution under its third-party action against Carmon also ceased to exist. *National Union*, 784 P.2d, at 58. As at common law, neither tortfeasor had the right of contribution. *Fakes v. Price*, 18 Okla. 413, 89 P. 1123 (1907).

The jury assessed Passenger's damages at $5,000.00, this representing the joint and several liability of Southwestern and Carmon. Obviously, Carmon took a miscalculated financial risk by misjudging his common liability with Southwestern. He paid a disproportionate part of Passenger's total damages as assessed by the jury. Carmon bought his peace, and presented Passenger with a windfall of $3,000.00, the amount in excess of the jury's verdict. We do not consider this result an injustice since the circumstances were designed and acted upon by Carmon and Passenger.

We recognize that an inequitable apportionment of damages among joint tortfeasors emerges when, as in the instant case, the amount of settlement is more than the total joint and several liability award assessed by the triers of fact. Southwestern owes nothing to Passenger or Carmon. Carmon paid more than his pro rata share of the common liability as determined by the jury, but he has no right of contribution from Southwestern. Passenger recovers full compensation for her injuries as assessed by the jury, and she is granted a windfall of 3,000.00. This seems unfair. However, the district court's resolution and our interpretation are consistent

with "the policy of the Act to encourage rather than discourage settlements," *National Union*, 784 P.2d, at 58, citing Commissioners' Comment, 12 U.L.A. 65 (1955), "even when the settlement results in an inequitable distribution of damages among tortfeasors." *Kussman*, 706 P.2d, at 781.

### IV.

Passenger originally brought action only against Southwestern, seeking $150,000.00 in damages. When Southwestern filed its third-party action against Carmon, Passenger then chose to add Carmon as a defendant, and later settled with that joint tortfeasor. Presumably, Passenger sought to reach the deep financial pockets of Southwestern for recovery. However, in taking such a risk, Passenger knew or should have known and been made aware that any settlement reached would be deducted from the judgment against Southwestern, the nonsettling tortfeasor.

Therefore, in seeking the full damages she is entitled to recover, Passenger, in advance of the finality of her claim against Southwestern, should have been aware that to be successful, the jury's verdict had to be in excess of $8,000.00. Passenger took the risk, hoping that the settlement amount would be less than the jury's award, and she simultaneously assumed the opposite risk that the settlement amount would be more than the total damages assessed by the jury.

On the other hand, Southwestern assumed the financial risk of being held liable for any amount of damages greater than the amount paid in settlement between Passenger and Carmon. Consequently, if Passenger was successful and was awarded her total requested damages, Southwestern would have been obligated to pay Passenger $142,000.00, that is, $150,000.00 less the settlement amount of $8,000.00. We seriously doubt that Passenger would have requested a judgment on the verdict for $90,000.00, (60% of $150,000.00), which is $52,000.00 less than what Passenger would have received under the language embodied in § 832(H).

The result we have reached here is fundamentally fair and consistent with the underlying purpose of the Act, for all parties are treated in a balanced fashion which is in accord with the legislative declaration expressed in § 832(H).

What is unjust is Passenger's attempt to recover an amount greater than the total damages assessed by the jury. Passenger, citing no authority therefor, urged the district court to reduce the jury's assessment by Carmon's stipulated pro-rata share, and award Passenger $3,000.00. The district court correctly applied § 832(H)(1), reducing Passenger's recovery by the amount of good faith settlement, and rendered judgment accordingly. The interpretation placed upon § 832 by the Court of Appeals was contrary to both the letter and spirit of the Act.

The opinion under review is VACATED. The order of the district court is REINSTATED and AFFIRMED.

OPALA, C.J., LAVENDER, SIMMS and SUMMERS, JJ., and BAILEY, S.J. (in lieu of HODGES, V.C.J., who certified his disqualification), concur.

HARGRAVE, ALMA WILSON and KAUGER, JJ.—dissent.