Renna BANKS, Appellant,

v.

CIMARRON INSURANCE COMPANY, INC., Appellee.

No. 82182.

Court of Appeals of Oklahoma, Division No. 1.

June 21, 1994.

Certiorari Denied Sept. 22, 1994.

Terry L. Weber, Tulsa, for appellant.

D. Lynn Babb, Oklahoma City, for appellee.

## MEMORANDUM OPINION

HANSEN, Judge:

Appellant, Renna Banks, commenced the present action to collect benefits under a fire insurance policy issued by Appellee, Cimarron Insurance Company. Cimarron made an offer to confess Judgment. The offer did not include attorney fees, costs or interest. Banks accepted the offer.

Banks then made an application to the court for attorney fees, costs and interest. The court granted Banks' motion for attorney fees and costs but denied its request for pre-judgment interest. Banks appeals to this Court.

36 O.S.1991 § 3629(B) provides:

It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party. *If the insured is the prevailing party, the court in rendering judgment shall add interest on the verdict at the rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict.* This provision shall not apply to uninsured motorist coverage. (emphasis supplied)

■ In *Dulan v. Johnston*, 687 P.2d 1045 (Okla.1984), interpreting 12 O.S.1983 Supp. § 727, the Oklahoma Supreme Court held that for the purpose of the issue of prejudgment interest provided for by statute, "there is clearly no difference in legal effect between a judgment entered by confession and a judgment entered on a verdict after a trial by jury." Banks argues the above statute clearly provides for interest on the *judgment* commencing when the loss was payable.

Cimarron counters that the prejudgment interest, although not mentioned in the confession of judgment, merged into that judgment, citing *Fleet v. Sanguine, Ltd.*, 854 P.2d 892 (Okla.1993). *Fleet v. Sanguine* dealt with an interpretation of 52 O.S.1981 § 540(B). Title 52 deals with oil and gas purchase and drilling rights. Section 540(B) provides:

Any said first purchasers or owner of the right to drill and produce substituted for the first purchaser as provided herein that violates this section shall be liable to the persons legally entitled to the proceeds from production for the unpaid amount of such proceeds with interest thereon at the rate of twelve percent (12%) per annum to

be compounded annually, calculated from date of first sale.

Justice Opala in *Fleet* emphasized this statute clearly authorizes interest *as a part of the judgment.* He distinguished the statute governing liability for prejudgment interest in bodily injury cases (such as *Dulan*), because § 540(B) includes no direction to the trial judge that interest be added to a jury verdict.

Section 3629(B), dealt with herein, provides direction to the trial court to add interest to the verdict, or as here, to the confessed judgment. *See, McNickle v. Bankers Life and Casualty Company,* 888 F.2d 678 (10th Cir.1989)

*Evans v. Sitton,* 735 P.2d 334 (Okla.1978), also cited by Cimarron, is distinguishable from this case in that in *Evans* the offer to confess judgment included interest. The Supreme Court held such an offer to be valid. However, here there was no such provision in the offer to confess judgment. The trial court erred in finding § 3629(B) did not authorize prejudgment interest.

█ Cimarron further argues that even if § 3629(B) authorizes prejudgment interest, Banks and her counsel knew its offer to confess judgment included prejudgment interest. It claims, Cimarron would have been foolish to offer $125,000.00 settlement as the policy limits are $95,000.00. It suggests a letter written by its counsel offered the settlement as the "top dollar" Cimarron was willing to expend in settlement.

█ In Oklahoma, when a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone. *Altshuler v. Malloy,* 388 P.2d 1 (Okla. 1963). Unless fraud or mistake is involved, pre-contract negotiations and oral discussions are merged into, and superseded by the terms of the executed written agreement. *Mercury Investment Company v. F.W. Woolworth,* 706 P.2d 523 (Okla.1985). If Cimarron intended to include costs, attorney fees and interest in the settlement, it could have so provided. It did not choose to do so.

Accordingly, the order denying Banks' request for prejudgment interest is reversed and the cause remanded to the trial court to determine the amount of prejudgment interest to which she is entitled.

█ Banks also appears to argue the trial court should now award post-judgment interest pursuant to 12 O.S.1991 § 727 on the prejudgment interest. This is without merit. This Court here holds prejudgment interest is not a part of the actual judgment, but is rather to be added *to* the judgment. Thus, because it is not a part of the judgment, it does not draw post-judgment interest.

Banks requests she be awarded attorney fees for the successful prosecution of this appeal. *Sisney v. Smalley,* 690 P.2d 1048 (Okla.1984). Her motion is granted and this cause remanded to the trial court for a hearing on the amount.

REVERSED AND REMANDED WITH DIRECTIONS.

JONES, P.J. and ADAMS, J., concur.