Betty BOHNEFELD, Appellant,

v.

Catherine HANEY, Appellee.

No. 86390.

Court of Civil Appeals of Oklahoma,
Division No. 2.

Dec. 10, 1996.

Richard D. Gibbon, Richard D. Gibbon and Associates, Tulsa, for Appellant.

Galen L. Brittingham and Nelson J. Christiansen, Atkinson, Haskins, Nellis, Boudreaux, Holeman, Phipps & Brittingham, Tulsa, for Appellee.

## MEMORANDUM OPINION

GOODMAN, Presiding Judge.

This is an appeal from portions of the trial court's journal entry of judgment filed September 21, 1995, entered on a jury verdict in favor of appellant Betty Bohnefeld (Bohnefeld) against appellee Catherine Haney (Haney). Based upon our review of the record and applicable law, we affirm in part, and reverse and remand in part.

### Facts

Bohnefeld and Haney were involved in an automobile accident on May 16, 1991. Bohnefeld sued Haney on April 13, 1993, alleging negligence. Haney denied being negligent, and asserted Bohnefeld was herself contributorily negligent. On November 12, 1993, Haney filed an offer to allow judgment be taken against her. The offer read:

Comes now the Defendant, Catherine Haney, and hereby offers to allow judgment to be taken against her in the amount of $2,000, pursuant to the provisions of Title 12 O.S. § 1101. If the Plaintiff fails to accept this offer, as specified in the statute, and if she fails to obtain judgment for more than the amount offered, she shall pay all of the Defendants's costs incurred after this date.

Bohnefeld refused the offer. The matter was tried to a jury which, on May 11, 1995, awarded Bohnefeld damages in the initial

amount of $3,186.25. The jury found Bohnefeld was 40 percent contributorily negligent, and the trial judge therefore reduced the verdict by that amount, giving Bohnefeld a recovery of $1,911.75. The trial court added prejudgment interest at the statutory variable rate from the date of filing to the date of the verdict, and entered a total judgment in favor of Bohnefeld for $2,234.38. Both Bohnefeld and Haney sought to tax their costs against the other: Bohnefeld in the amount of $69, Haney for $530.25. The trial court found both should be awarded their costs, and so added $69 to Bohnefeld's judgment, and then reduced it by $530.25. Bohnefeld appeals alleging the trial court erred in awarding Haney costs, and in computing prejudgment interest on the verdict.

## Analysis

*Costs.*

Title 12 O.S.1991, § 1101, states:

The defendant, in an action for the recovery of money only, may, at any time before the trial, serve upon the plaintiff or his attorney an offer, in writing, to allow judgment to be taken against him for the sum specified therein. . . . If the notice of acceptance be not given in the period limited, the offer shall be deemed withdrawn, and shall not be given in evidence or mentioned on the trial. If the plaintiff fails to obtain judgment for more than was offered by the defendant, he shall pay the defendant's costs from the time of the offer.

Bohnefeld claims Haney was not entitled to recover costs under § 1101 because Bohnefeld's judgment of $2,234.38, consisting of her verdict plus prejudgment interest, exceeded Haney's offer of a $2,000 judgment. Haney, on the other hand, claims her § 1101 offer did not include interest, and therefore the bare verdict, sans interest, of $1,911.75 is the figure that should be compared to the offer. As such, she is entitled to her costs.

The trial court apparently agreed with Haney, and rendered judgment accordingly. We reverse and remand this portion of the trial court's journal entry.

The legislature clearly distinguishes between a verdict and a judgment. Title 12 O.S.1991, § 727(A)(2), states:

2. When a *verdict* for damages by reason of personal injuries . . . is accepted by the trial court, the court *in rendering judgment shall add interest* on said verdict at a rate prescribed pursuant to subsection B of this section from the date the suit was commenced to the date of verdict. . . . (Emphasis added.)

In accordance with this statute, the trial court received the verdict, computed prejudgment interest, and added said interest to the verdict. *Walker v. St. Louis–S.F. Ry.,* 671 P.2d 672 (Okla.1983); *Messler v. Simmons Gun Specialties, Inc.,* 687 P.2d 121 (Okla.1984).[1] The sum of these figures was reduced to judgment, as set out in the trial court's Journal Entry of Judgment:

That the Court renders *judgment* on the *verdict and the prejudgment interest* in the amount of $2,234.38. (Emphasis added.)

Inexplicably however, the trial court, contrary to its own order, which correctly stated its judgment was the sum of the verdict and prejudgment interest, compared the § 1101 offer of judgment with the jury's *verdict* rather than the trial court's *judgment.* This is clearly erroneous. Had the legislature intended a § 1101 offer to be compared to a verdict, rather than to a judgment, it would have so stated. By using the word "judgment," rather than "verdict," the legislature's intent is clear.

In *Walker v. St. Louis–S.F. Ry.,* 671 P.2d at 673, the court stated:

There being nothing within [12 O.S.1991, § 727(A)(2)] to indicate otherwise, we must presume that the Legislature knew and contemplated that a verdict is the formal decision or finding made by a jury, impaneled and sworn for the trial of a cause and reported to the court upon questions or matters submitted to it upon the trial. A verdict becomes a judgment only

---

**1.** *See Fleet v. Sanguine, Ltd.,* 854 P.2d 892 (Okla. 1993); *Holland v. Dolese Co.,* 643 P.2d 317

(Okla.1982).

when accepted by the court. When viewed in this light, it becomes clear that the legislative intent expressed in Sec. 727 is that in entering *judgment* on a *verdict* for damages by reason of personal injuries, the court shall add to the *verdict* interest thereon at 10% per annum from the date of the commencement of the suit, and the resulting computation of the *verdict* plus interest constitutes the *judgment*. The judgment, thus rendered, bears interest at the rate of 12% per annum from the date of the judgment.

Haney's argument to the contrary, citing *Banks v. Cimarron Ins. Co.*, 882 P.2d 580 (Okla.Civ.App.1994), is unpersuasive. *Banks* does not address the precise issue presented here, but rather holds a § 1101 offer of judgment is no different than a judgment entered on a verdict, and both are subject to the addition of prejudgment interest, unless the § 1101 offer clearly included interest.

We hold the trial court's order awarding costs to Haney pursuant to § 1101 is erroneous. That portion of the Journal Entry of Judgment is reversed, and the matter is remanded to the trial court with directions to enter judgment consistent with this opinion.

*Computation of Prejudgment Interest.*

The trial court's order sets out relevant prejudgment interest rates of 7.42 percent for 1993, when this action was filed, 6.99 percent for 1994, during pendency of the action, and 8.31 percent for 1995, when the jury's verdict was accepted by the court. Bohnefeld claims the trial court erred in its computation of prejudgment interest when it used the variable interest rates in effect for each of the years between the filing of the petition and the date of judgment. She claims the court should have used only the rate in effect at the time of the verdict, and applied that single rate retroactively to the date of filing. Bohnefeld points out an apparent split of authority between two divisions of the Court of Civil Appeals.

◼ In *McMullen v. Stevens*, 895 P.2d 302, 305 (Okla.Civ.App.1995) *cert. denied* May 3, 1995, and *Burwell v. Oklahoma Farm Bureau Mutual Insurance Co.*, 896 P.2d 1195, 1199 (Okla.Civ.App.1995) *cert. denied* May 16, 1995, the Court of Civil Appeals reached opposite results. Both quoted *Fleming v. Baptist General Convention*, 742 P.2d 1087, 1096 (Okla.1987), wherein the court stated: "[P]rejudgment interest is to be assessed at the rate provided by statute *at the time of the verdict . . . .*" (Emphasis added.) In *McMullen*, Division 3 interpreted *Fleming* to require prejudgment interest to be calculated using the most recent rate certified by the Administrative Director of the Courts at the time the trial court accepted the verdict. The court thus held that "the court accepted the verdict on November 27, 1993[,] [c]onsequently, prejudgment interest, assessed from the time of filing the petition, in this case January, 1992, until the time the court accepted the verdict in 1993, should have been set at the rate certified by the Administrative Director of the Courts in January, 1993." The court specifically rejected the appellant's argument that "the prejudgment interest rate should vary with each year's variance until the judgment is paid."

In *Burwell*, Division 4 noted that *Fleming* had been decided under versions of § 727(A)(2) which established an across-the-board, fixed rate of prejudgment interest and that, in 1986, § 727(A)(2) had been amended to provide "yearly changes in interest on judgments by linking annual interest rates to the average treasury bill rate as certified to the Court Administrator by the State Treasurer" to take into account "each year's fluctuating economic conditions." The court thus held that "the appropriate prejudgment interest award . . . is the sum of each year's calculation of *simple* interest based upon the appropriate yearly statutory rate," *i.e.*, "Plaintiff would be entitled to interest for the year 1990, the year in which he filed his lawsuit, calculated at 12.35 percent; for 1991 at 11.71 percent; for 1992 at 9.58 percent; for 1993 at 7.42 percent, and for 1994, the year in which judgment was rendered, at 6.99 percent." (Footnotes omitted.) "This award," said the court, "more correctly would compensate Plaintiff for the actual loss of use of the money."

Bohnefeld, however, argues that in *Landrum v. National Union Insurance Co.*, 912

P.2d 324 (Okla.1996), the supreme court "set forth its formula for calculating prejudgment interest and that formula is that of *McMullen*, not *Burwell*." In *Landrum*, a subrogated workers' compensation insurance carrier intervened in an injured worker's action against third-party tort-feasors and sought apportionment of any judgment. The trial court apportioned the award but denied the carrier's request for a proportionate share of prejudgment interest. The supreme court held the carrier was entitled to a pro-rata share of prejudgment interest, but:

> The record does not reflect the amount of prejudgment interest that accrued here. It does reflect, however, that suit was filed on January 5, 1990, and the verdict was returned March 19, 1993. *The prejudgment interest rate on verdicts returned in 1993 was 7.42%.* Apparently, then, the total prejudgment interest on [the] $80,000 verdict was, in round figures, about $19,-000 ($80,000 × 7.42% × 3.2 years). (Emphasis added.)

The quoted portion of *Landrum* is dictum having no relation to the ultimate resolution of the legal issues presented. The court noted that "[t]he amount of prejudgment interest is assumed to be $19,000 purely for the purposes of illustration." *Id.* at 330, n. 8. The court did not address the method of calculating prejudgment interest under amended § 727 and in fact remanded the matter of prejudgment interest to the trial court.

We find that the *Burwell* result is logically consistent with both the post-*Fleming* amendments of § 727(A)(2), and the traditional concepts underlying entitlement to prejudgment interest. The plaintiff's loss is measured by the *yearly* value of money during the time he was deprived of its use. We therefore hold the trial court correctly calculated prejudgment interest using the variable rates in effect for each year from filing of the petition to acceptance of the jury's verdict.

### Conclusion

The trial court's journal entry of judgment is affirmed in part and reversed in part. The matter is remanded to the trial court to enter judgment consistent with this opinion.

BOUDREAU and STUBBLEFIELD, JJ., concur.