2001 OK CIV APP 84

Betty Carolyn MORAVA, Personal Representative and Executrix of the Estate of David A. Morava, Deceased, Plaintiff/Appellee,

v.

CENTRAL OKLAHOMA MEDICAL GROUP, INC., an Oklahoma Professional Corporation, d/b/a COMG, Defendant/Appellant,

and

Prudential Health Care Plan, Inc., a Texas corporation, d/b/a Prucare of Oklahoma; Prudential Health Care Plan, Inc., d/b/a PruCare, a subsidiary of The Prudential Insurance Company of America The Prudential Insurance Company of America, a New Jersey corporation, Defendants.

No. 94,908.

Court of Civil Appeals of Oklahoma, Division No. 4.

Decided March 27, 2001.

Certiorari Denied May 31, 2001.

Howard K. Berry, Jr., Berry & Berry, and Robert E. Manchester, Shannon K. Emmons, Manchester & Pignato, P.C., Oklahoma City, OK, for Plaintiffs/Appellees.

Benjamin J. Butts, Short, Wiggins, Margo & Butts, Oklahoma City, OK, for Defendants/Appellants.

RAPP, Judge:

¶1 The trial court defendant, Central Oklahoma Medical Group, Inc. (COMG), appeals a judgment in favor of the trial court plaintiff, Betty Carolyn Morava, (Morava) awarding her prejudgment interest on the entire verdict, rather than reducing the interest by taking into account the amount paid by settling co-defendants.

## BACKGROUND

¶2 This case comes before this Court on a single issue presented by an agreed statement of the record.

¶3 Morava filed a medical malpractice action against COMG and the other defendants. The case was tried to a jury with COMG as defendant. COMG requested a jury interrogatory, which was given, asking whether the co-defendants were negligent. The jury found the co-defendants to be negligent and that their negligence contributed to the damages suffered. In addition, the jury returned a verdict for $1,500,000.00. The verdict was returned on March 31, 2000, accepted by the trial court without objection, and the jury was discharged.

¶4 Prior to trial and verdict, the defendants other than COMG settled and paid Morava the sum of $1,000,000.00. The settlement checks were tendered on March 31, 2000, the same day as the verdict was returned.[1]

¶5 The trial court assessed prejudgment interest on the total amount of the verdict.[2]

---

1. Therefore, it is not necessary to determine whether the interest should abate *pro tanto* in the cases where the settlement is received at some point in time prior to the verdict. Here, the prejudgment interest ceased to accrue on the same date that the settlement was paid.

2. The entitlement to interest in some amount and the rate of interest utilized by the court are not in issue.

This amounted to $889,315.89. This sum was added to the verdict for a total judgment of $2,389,315.89 plus uncontested costs of $9,898.95. Then, the $1,000,000.00 paid by the co-defendants was credited, leaving a net judgment against COMG of $1,399,214.84.

¶ 6 COMG appeals because it contends that the trial court should have deducted the $1,000.000.00 paid by co-defendants before calculating the prejudgment interest. COMG has satisfied all but the contested portion of the judgment, which includes the costs, the $500,000.00 balance on the verdict after credit for the co-defendants' payment, and prejudgment interest on the reduced verdict in the sum of $296,319.00. Thus, the issue here is whether COMG should be liable for prejudgment interest of $889,315.89, as calculated and decreed by the trial court, or the sum of $296,319.00, which would be the interest on the verdict after reduction due to credit from the co-defendants' payment of $1,000,000.00.

## STANDARD OF REVIEW

■■■■ ¶ 7 This appeal involves the interpretation and application of 12 O.S. Supp. 1999, §§ 727(E) and 832(H)(1). Where the facts are not disputed, an appeal presents only a question of law. *Baptist Bldg. Corp. v. Barnes,* 1994 OK CIV APP 71, ¶ 5, 874 P.2d 68, 69. The appellate court has the plenary, independent, and nondeferential authority to reexamine a trial court's legal rulings. *Neil Acquisition L.L.C. v. Wingrod Inv. Corp.,* 1996 OK 125, 932 P.2d 1100, n. 1. Matters involving legislative intent present questions of law which are examined independently and without deference to the trial court's ruling. *Salve Regina College v. Russell,* 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991); *Keizor v. Sand Springs Ry. Co.,* 1993 OK CIV APP 98, ¶ 5, 861 P.2d 326, 328.

## ANALYSIS AND REVIEW

¶ 8 Prejudgment interest is authorized by statute. 12 O.S. Supp.1999, § 727(E). In part, the statute provides:

E. [I]f a verdict for damages by reason of personal injuries ... is accepted by the trial court, the court in rendering judgment shall add interest on the verdict at a rate prescribed pursuant to subsection I of this section from the date the suit resulting in the judgment was commenced to the earlier of the date the verdict is accepted by the trial court as expressly stated in the judgment, or the date the judgment is filed with the court clerk.... After the computation of all prejudgment interest has been completed, the total amount of prejudgment interest shall be added to the amount of the judgment rendered pursuant to the trial of the action, and the total amount of the resulting judgment shall become the amount upon which post-judgment interest is computed pursuant to subsection A of this section.

¶ 9 Section 832 of Title 12, deals with contribution among joint tortfeasors. Section 832(A) gives the right of contribution to persons jointly and severally liable in tort for the same injury. Here, the parties agree that as a result of the special interrogatory answer by the jury, the settling co-defendants and COMG are jointly and severally liable.[3] Subsection 832(H)(1) provides:

H. When a release, covenant not to sue, or a similar agreement is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:

1. It does not discharge any other tortfeasor from liability for the injury or wrongful death unless the other tort-feasor is specifically named; but it reduces the claim against others to the extent of any amount stipulated by the release or covenant, or the amount of the consideration paid for it, whichever is the greater.

¶ 10 COMG asserts that Morava's "claim" includes the prejudgment interest and is reduced accordingly under Section 832(H)(1). Morava urges that Section 732(E) mandates that the calculation of prejudgment interest be based upon the "verdict" unaffected by

---

**3.** The rights of contribution, if any, flowing from Sections 832(D) and 832(H)(2) of Title 12, are not in issue here.

the payment from the co-defendants. As this Court views the issue, the question is whether Section 832(H)(1) modifies Section 727(E) because Section 727(E) unequivocally directs that the calculation of prejudgment interest be premised upon the amount of the verdict.

¶ 11 Prejudgment interest must have a statutory authorization. *Sisney v. Smalley*, 1984 OK 70, ¶ 8, 690 P.2d 1048, 1050. Originally, the statute permitted interest on the judgment and the statute was codified under Title 15, *Contracts*. Then, in 1971, the statute was amended to provide for prejudgment interest calculated on the verdict and the statute was moved to Title 12, *Civil Procedure*. Laws 1971, c. 252. Prejudgment interest in applicable tort actions has been said to be "in the nature of" compensation for defendant's use of money to which the plaintiff was entitled. *Burwell v. Oklahoma Farm Bureau Mut. Ins. Co.*, 1995 OK CIV APP 50, ¶ 23, 896 P.2d 1195, 1199. Prejudgment interest serves the function of providing compensation for the loss of use of money due as damages from the time the claim accrues until judgment is rendered. *Withrow v. Red Eagle Oil Co.*, 1988 OK 16, ¶ 8, 755 P.2d 622, 624. The interest is measured by the yearly value of money during the period of deprivation of use from the filing of the petition to the acceptance of the verdict. *Bohnefeld v. Haney*, 1996 OK CIV APP 141, ¶ 18, 931 P.2d 90, 93.

¶ 12 Here, Section 727(E) provides the authority to compensate Morava for the loss of use of her damages, determined by the jury to be $1,500,000.00. This compensation, or prejudgment interest, is calculated on the verdict. *Landrum v. National Union Ins. Co.*, 1996 OK 18, ¶ 5, 912 P.2d 324, 327. In addition, *Landrum* held that the plaintiffs there could not receive all of the prejudgment interest because some of their damages had been paid by the workers' compensation insurer. The worker's insurer became entitled to a share of the prejudgment interest because it, not the plaintiffs, had lost the use of the damages to the extent that it had paid plaintiffs.

¶ 13 The clear import of *Landrum* is that a plaintiff cannot recover excess prejudgment interest. In *Woolard v. JLG Industries, Inc.*, 210 F.3d 1158 (10th Cir.2000), the Court determined that the law of Oklahoma required that prejudgment interest be calculated on the verdict but, given that plaintiff there had settled prior to trial with a co-defendant, the total interest should be adjusted to account for that fact. *Id.* at 1176.

¶ 14 *Landrum* makes it clear that Morava would not be allowed to recover excess prejudgment interest if she had received payment at some earlier date. However, she coincidently received a part of those damages on the day the verdict was rendered and, under the facts of this case, did suffer loss of use of the damages until the verdict was rendered.[4] Moreover, the natural extension of the result under *Landrum* is exactly as discussed in *Woolard.* The prejudgment interest is calculated on the verdict regardless of whether the plaintiff is entitled to receive the entire verdict. As applied here, the interest is calculated on Morava's $1,500,000.00 verdict.

¶ 15 However, *Landrum* does not deal with the effect of Section 832(H)(1). Under *Woolard,* or any other case using a formula to rebate prejudgment interest, Morava would be paid the full amount because of the coincidental occurrence of payment and verdict. Thus, COMG argues that the verdict must be reduced before prejudgment interest is calculated.

¶ 16 COMG supports its argument with authorities from other jurisdictions. However, in *Martinez v. Jesik*, 703 P.2d 638 (Colo. App.1985), cited by COMG, the facts involved

4. As noted above at footnote 1, it is unnecessary to decide which formula would be appropriate to account for money received prior to verdict. For examples of different approaches *see Woolard v. JLG Industries, Inc.*, 210 F.3d 1158 (10th Cir. 2000), *American National Watermattress Corp. v. Manville*, 642 P.2d 1330 (Alaska 1982), and *Ramadanis v. Stupak*, 107 Nev. 22, 805 P.2d 65 (1991), *see also Arlyn H. Weeks, The Unsettling Effect Of Maine Law On Settlement In Cases Involving Multiple Tortfeasors* (1996), 48 Me. L.Rev. 77; Brittany L. Wills, *To Settle Or Not To Settle & The Calculation Of Judgments Among NonSettling Defendants In Texas*, 31 St. Mary's L.J. 529 (2000).

comparative negligence so that the non-settling defendant was proportionately liable. Thus, the plaintiff there did not experience the loss of use of the apportioned damages. Moreover, in *Price v. Southwestern Bell Telephone Co.*, 1991 OK 50, ¶ 11, 812 P.2d 1355, 1358, the Court found that the Colorado Court's interpretation of Colorado's Contribution Among Joint Tortfeasors Act was not persuasive here due to differences in statutory enactments. In addition, the *Price* Court observed that "Southwestern assumed the financial risk of being held liable for any amount of damages greater than the amount paid in settlement. . . ." *Id.* at ¶ 27, 812 P.2d at 1361.

¶ 17 COMG cites *Casey v. State Farm Mut. Auto. Ins. Co.*, 464 N.W.2d 736 (Minn. App.1991), but this case is distinguishable because there the settlement exceeded the verdict so that the judgment was zero. Again, the plaintiff had no loss of use of money damages and, any formula approach to avoid double recovery would have resulted in zero prejudgment interest. The same result occurred in *Price v. Southwestern Bell Telephone Co.*

¶ 18 The Contribution Among Joint Tortfeasors Act concerns contribution, not the apportionment of liability. If, as here, the plaintiff is free of fault, the liability of the negligent co-defendant(s) is joint and several with each being responsible for the entire loss suffered by the plaintiff. *Price v. Southwestern Bell Telephone Co.*, 1991 OK 50, ¶ 15, 812 P.2d 1355, 1359. By calling for the plaintiff's claim to be reduced to the extent of settlement, the Act codifies the rule against double recovery and specifies that the reduction is to be either the amount paid or the amount set forth in the settlement document, whichever is greater. Again, the Act does not alter the joint and several liability status of the defendants. *National Union Fire Ins. Co. v. A.A.R. Western Skyways, Inc.*, 1989 OK 157, 784 P.2d 52.

¶ 19 In fact, Section 832(H) changed the rule in Oklahoma whereby the release of the original tortfeasor also released a subsequent tortfeasor, often a medical provider, who aggravated the original injury. *Shadden v. Valley View Hosp.*, 1996 OK 140, ¶¶ 9–13, 915 P.2d 364, 367–71; *Carmichael v. Beller*, 1996 OK 48, ¶¶ 8–14, 914 P.2d 1051, 1055–57. This Court can perceive no legal distinction between holding a joint tortfeasor responsible for aggravation of an injury when the original tortfeasor has been released and holding that same joint tortfeasor responsible for prejudgment interest.

¶ 20 A settlement does not necessarily represent an injured party's total compensation for all losses incurred. *American Medical Security v. Josephson*, 2000 OK CIV APP 127, ¶ 20, 15 P.3d 976. Moreover, there must be strict compliance with Section 832(H) before the tortfeasor who does not settle is released when the settlement is effected. *Moss v. City of Oklahoma City*, 1995 OK 52, ¶ 25, 897 P.2d 280, 288.

¶ 21 When, as in *Woolard*, a necessity arises to harmonize Sections 727(E) and 832(H)(1) in order to prevent excess recovery, this may be accomplished under a formula, the exact terms of which are not prescribed here. In the case now under review, Morava had a right to prejudgment interest calculated on the verdict because the verdict represented her "loss of use" value. Because the timing of the verdict and the receipt of the settlement coincided, Morava had the full range of loss of use of the money. In addition, the settlement did not exceed the verdict.

¶ 22 In contrast, under the facts in *Price v. Southwestern Bell Telephone Co.* and similar cases, the plaintiff had no loss of use after the settlement because the settlement exceeded the verdict and the settlement was reached prior to the date of filing suit. Thus, under *Price, Landrum*, and *Woolard* the critical elements are the date the suit was filed, the verdict amount, and the timing of the verdict relative to the payment of the settlement. In summary, a negligent defendant has liability for the special and general damages suffered by the plaintiff, court costs, and prejudgment and postjudgment interest. The fact that a negligent co-defendant settled does not change the liability of the remaining defendant. The effect of the settlement, under Section 832, is to

reduce the financial exposure of the non-settling defendant by the amount of the settlement, but Section 832 does not take away any of the plaintiff's elements of recovery.

¶ 23 Computation of interest based upon the verdict is consistent with the method of computation specified as correct in *Bohnefeld v. Haney,* 1996 OK CIV APP 141, 931 P.2d 90. There the Court distinguished between a verdict and a judgment and noted that the prejudgment interest was calculated on the verdict and then added to the verdict to become the judgment. *Id.* at ¶¶ 7, 10, 931 P.2d at 91–92.

¶ 24 The computation here is also consistent with the ruling in *Lawson v. National Steel Erectors Corp.,* 2000 OK CIV APP 69, ¶ 37, 8 P.3d 171, 179. There, National rejected plaintiff's pretrial counter-offer of judgment in the amount of $1,799,000.50. After the jury returned a verdict of $1,700,000, the trial court added prejudgment interest calculated on the verdict to arrive at the final judgment. National argued that the prejudgment interest should be added to the counteroffer to determine the actual "counteroffer judgment" in an effort to avoid the imposition of attorney's fees under 12 O.S. Supp.2000, § 1101.1(A)(4). The Court rejected that argument and held that the statute directed that the trial court receive the verdict, compute the prejudgment interest, and add that interest to the amount of the verdict to arrive at the judgment to be rendered against the defendant.

¶ 25 Therefore, the trial court correctly computed prejudgment interest and correctly credited the settlement received by Morava.

¶ 26 AFFIRMED.

¶ 27 STUBBLEFIELD, P.J., and TAYLOR, J., concur.