[No. 29972. Department Two. June 29, 1946.]

THE STATE OF WASHINGTON, *on the Relation of R. B. Fosburgh,* *Plaintiff,* v. J. T. RONALD, *as Judge of the Superior Court* *for King County, Respondent.*[1]

*Lewie Williams* and *Frederick R. Burch,* for relator.

*Simmons & McCann,* for respondent.

ROBINSON, J.—This cause involves a question concerning the taxation of costs in this court. In an action entitled Fosburgh v. Sando and wife, brought in the superior court of King County, the plaintiff recovered a judgment on the 21st day of July, 1945. The Sandos filed notice of appeal and perfected it by filing a cost bond in the amount of two hundred dollars. Shortly thereafter, the plaintiff began proceedings to enforce his judgment, whereupon they petitioned this court to permit them to supersede. This petition was granted by an order entered September 27, 1945, the matter, however, being referred to the trial court, with direction to fix the amount of the bond. The amount was fixed by that court at twelve thousand dollars.

On some date not shown by the record before us, but presumably shortly after September 27th, the appellants, as they had the right to do under Rem. Rev. Stat., § 958-4

[1]Reported in 170 P. (2d) 865.

[P.P.C. § 345-1], deposited that sum in lieu of a bond in the registry of the superior court of King county. They borrowed the money, so deposited, from a Seattle bank, and the item in dispute represents the interest paid on the note.

On March 7, 1946, this court filed its decision reversing the trial court, and the appellants, Sando, became entitled to tax their costs. *Fosburgh v. Sando,* 24 Wn. (2d) 586, 166 P. (2d) 850.

The rules governing the taxation of costs in this court, in so far as material to our inquiry, are as follows:

"RULE 23. Cost Bills. (1) The prevailing party shall, within ten days after the filing of the opinion in a cause, file with the clerk a cost bill, and serve upon the adverse party a copy thereof. If any adverse party objects to any item thereof, he shall serve upon the prevailing party exceptions to such cost bill, together with affidavits in support of his exceptions if desired and file the original, with proof of service, with the clerk of the court within ten days after service of the cost bill upon him. Thereafter the clerk shall tax the costs to which the prevailing party is entitled, and shall notify the parties of such taxation. Either party may except to the taxing of any item or items, or failure to tax the same, and shall serve such exceptions on the adverse party and file the same with the clerk within ten days after such taxation. . . .

"(3) If no cost bill is served and filed, the clerk shall tax as costs the clerk's fees, the statutory attorney fee, the cost of the transcript at the rate of ten cents per folio; the cost of the statement of facts at fifteen cents per folio for the original and fifteen cents per folio for one copy; and the printing of briefs at the rate of one dollar per page for the first twenty-four pages, eighty-five cents per page for the next twenty-four pages, and seventy-five cents per page for the remaining pages." 18 Wn. (2d) 22-a.

The Sandos filed no cost bill within ten days after the filing of the court's decision, or at all, whereupon the clerk taxed costs, as required in paragraph (3) of the rule above quoted. As so taxed, their costs amounted to one hundred twenty-five dollars, and this sum was included as such in the remittitur in the case which was sent to the superior court on April 8, 1946.

On April 10, 1946, Fosburgh was served by the Sandos with a proposed judgment and cost bill, with notice that it would be presented to the trial judge for entry on April 13th. The items of costs claimed were as follows:

| | |
|---|---:|
| "Defendants' appearance fee................$ | 5.50 |
| "Statutory attorney's fee.................... | 10.00 |
| "Costs paid to plaintiff prior to appeal........ | 77.30 |
| "Cost supersedeas bond..................... | 345.00 |
| "Appeal bond ............................. | 10.00 |
| "Costs allowed by Supreme Court............ | 125.00 |

$572.80"

On April 12th, Fosburgh moved to strike from this bill the item, "Cost supersedeas bond, $345," and one other item which we understand from the respondent's return is no longer in controversy. On the same day, pursuant to the stipulation of the parties, an order was entered directing the clerk of the superior court to return to the Sandos the twelve thousand dollars on deposit in the registry. It was recited in this order that the occasion for entering it was that the note by which they had secured the money was due on April 15th. The same order fixed April 20th for the hearing on Fosburgh's motion to strike from the cost bill, and, on that day, an order and judgment was entered overruling the motion to strike and directing the entry of judgment against the Sandos and in favor of Fosburgh for the entire amount of costs claimed, that is, for $572.80.

On May 7th, this court, on the application of Fosburgh, granted a writ of certiorari to review the order and judgment of April 20th, and the matter was heard here on the respondent's return on May 24th.

It is said, in 14 Am. Jur. 36, Costs, § 60:

"The general rule seems to be that in the absence of statutory authority, the premium paid for a bond given in a pending action may not be taxed as costs therein."

A note on this subject, found in 81 A. L. R. 1532, is to the same effect. See, also, 20 C. J. S. 619, § 367. It is further said in 20 C. J. S. 602, § 351, that, when the items of taxable costs are designated by statute or by a rule of court, "all items other than those specifically designated are excluded by

implication." Rem. Supp. 1941, § 1744 [P.P.C. § 160-11], which lists the items taxable on appeal in this court, does not include premiums on supersedeas bonds, and our cases have uniformly held that costs are only allowable where there is express statutory authority therefor. 4 Washington Digest, Annotated, Costs, 302, Key No. 3. However, it has been the custom of the clerk of this court to allow such an expenditure as costs, when claimed, and the respondent in this case has called our attention to at least one of our decisions wherein the allowance of costs with respect to a premium paid for a supersedeas bond was expressly directed by the court. *Van Nostern v. Richey & Gilbert Co.,* 2 Wn. (2d) 663, 99 P. (2d) 608. This practice has apparently been authorized by chapter 208, Laws of 1943, p. 642 (Rem. Supp. 1943, § 7247).

In deciding the matter now before us, we will assume that the cost incurred by the Sandos in superseding the judgment in the original case would have been allowed in this court had they claimed it in a cost bill filed and served within ten days after the filing of the decision, as required by paragraph (1) of Rule 23, hereinbefore quoted.

It is argued on behalf of the respondent that the Sandos could not have complied with that rule, since, at that time, it was manifestly impossible to compute the cost of the supersedeas, which was increasing day by day by the accrual of interest on the note; and it is pointed out that, while the decision was filed on March 7th, Fosburgh had thirty days to file a petition for rehearing, and, if he did so, it could well be a matter of weeks, or, in case the petition was granted, of months, before the case was closed.

The record does not show when the money deposited in the registry was borrowed, but it does show that the note through which it was procured was payable on April 15th. Although the order permitting supersedeas was made on the previous September 27th, it was necessary for the superior court to determine the amount of the supersedeas before it could be posted. It is, therefore, highly probable that the money deposited in lieu of a bond was not borrowed until some time in October, and, since we know that the note was

made payable on April 15th, it was probably a six months' note. In any event, the Sandos could have filed a cost bill in accordance with the rules as late as March 17th, by which they would have recovered all interest accrued at that date. In fact, had they filed a cost bill claiming interest to the due date, April 15th, and it had been disallowed in part by the clerk, an exception would have delayed the determination of the amount to be taxed until after that date.

■ It is quite useless, however, to speculate as to what might have been done. Both parties concede that the cost involved is a supreme court cost. It is elementary that the superior court has no jurisdiction to tax costs incurred in the prosecution of an appeal in this court. *Deveny v. Cook*, 70 W. Va. 282, 73 S. E. 921; *Bailey v. Hayman*, 222 N. C. 58, 22 S. E. (2d) 6.

"In the absence of statutory authority the trial court ordinarily has no power to fix costs incident to an appeal, or to disturb or modify the judgment of the appellate court awarding costs; . . ." 20 C. J. S. 586, Costs, § 344.

"Where the reviewing court on reversal awards costs of appeal against a party, the lower court has no jurisdiction either directly or indirectly to reverse or to modify such order; . . ." 20 C. J. S. 543, Costs, § 295.

"If the court before which the final determination of a case is heard does not award costs, there is no authority elsewhere to adjudge them, and if it does award costs no succeeding judge can make a different order." 20 C. J. S. 497, Costs, § 264b.

The order and judgment under review will be modified by reducing the amount of costs therein allowed by the sum of $345; that is to say, from $572.80 to $227.80. It is so ordered.

BEALS, C. J., BLAKE, JEFFERS, and CONNELLY, JJ., concur.