117 P.3d 1141 (2005)
Larry SPOKOINY, Appellant,
v.
The WASHINGTON STATE YOUTH SOCCER ASSOCIATION, a Washington nonprofit corporation, Respondent.
No. 54427-6-I.
Court of Appeals of Washington, Division One.
July 5, 2005.
Publication Ordered August 10, 2005.
*1143 Larry S. Spokoiny, Attorney at Law, Issaquah, WA, for Appellant.
Michael C. Walter, Keating Bucklin McCormack Inc. PS, Seattle, WA, for Respondent.
BECKER, J.
¶ 1 Appellant Larry Spokoiny, a soccer coach, sought a restraining order when the Washington State Youth Soccer Association suspended him for five years for his conduct during a tournament game. Spokoiny's reliance on the bylaws of the Association as the basis for his litigation confirmed the contractual nature of his relationship to the Association. Because Spokoiny did not exhaust the Association's appeal procedures as the bylaws require, the trial court properly enforced the bylaw requiring payment of the Association's attorney fees by a member who prematurely resorts to litigation as a form of contract.

FACTS
¶ 2 The Washington State Youth Soccer Association, a nonprofit corporation, makes rules for players, coaches, referees, administrators, parents and families who are involved in youth soccer in Washington. The Association's bylaws apply to all members, including coaches.
¶ 3 Larry Spokoiny was coaching his daughter's soccer team at the end of August 2003, when the team played in a tournament in Tacoma. After the game, several parents complained to the Association about Spokoiny's failure to take action to control the sidelines.
¶ 4 The Association's Ethics Committee, after an investigation, advised Spokoiny of his right to a hearing on the allegations of misconduct. The Committee held a hearing on January 13, 2004. The next day, the Committee sent Spokoiny their decision finding numerous violations of the rules and codes, and suspending him from all participation in Association activities for five years.[1] The decision letter advised Spokoiny of his right to appeal, and informed him that the appeals policy and procedure could be found in the Administrative Handbook  available online or from his local association.
¶ 5 Spokoiny immediately filed an appeal asking that the decision of the Ethics Committee be vacated and a de novo hearing held by the Executive Board. He asserted that the Ethics Committee hearing had been untimely under the Association's Rule 603.2(d). He attached to his letter of appeal a copy of the rule from the handbook.[2]
¶ 6 According to Spokoiny, he asked the Association to hear his appeal on an expedited basis to avoid the irreparable injury that he claimed would occur if he was not allowed to coach the team's next two games. Two days later, having received no response, Spokoiny  an attorney  petitioned the superior court pro se for an order enjoining the Association from enforcing the suspension. Spokoiny notified the Association of this action by fax on January 27. The next day, counsel for the Association filed a notice of appearance and sent a letter to Spokoiny telling him that the Association had granted his request for a new hearing before the Executive Board. In the meantime, he would remain eligible to coach. The letter memorialized Spokoiny's agreement to put his lawsuit "on hold" until after the Executive Board Committee rendered a written decision.[3] Spokoiny canceled a preliminary injunction hearing he had been attempting to set for February 10.
¶ 7 After the de novo hearing on February 12, the Executive Board found Spokoiny had violated the rules by failing to control the sidelines at the Tacoma tournament game. Instead of the five-year suspension, the Board imposed a penalty of only a three-game suspension, with probationary conditions. The Board's decision, dated February 14, advised Spokoiny of a right to appeal within 10 days to a national appeals committee. *1144 Spokoiny acknowledged receipt of the decision. He told the Association that although he disagreed with it, "I will abide by its terms and do not plan to appeal".[4]
¶ 8 On March 15, 2004, the Association filed a motion for summary judgment to dismiss Spokoiny's lawsuit, primarily on the ground of defective service but also on the basis that he had received all the relief he requested and his claims were thus moot. Anna Shaw, the Association's Director of Operations, submitted a declaration in support of the motion, saying that the only notice the Association had received of Spokoiny's lawsuit was the fax transmission on January 27. She attached portions of the Administrative Handbook relating to hearings and appeals. Prominently featured in these materials was Article 21 of the Bylaws, which promises "equitable and prompt hearing and appeal procedures to guarantee the rights of individuals to participate and compete."[5] Particularly pertinent to this appeal are the sections of Article 21 that require a coach to exhaust internal remedies before resorting to the courts, or else face liability for the Association's legal expenses:
Section 2: No member, official, league, club, team, player, coach, administrator or referee may invoke the aid of the courts . . . without first exhausting all available remedies within the WSYSA and its member organizations . . . .
Section 3: For violation of this bylaw, the offending party shall be subject to suspension and fines, and shall be liable to WSYSA for all expenses incurred by WSYSA and its officers in defending each court action. . . .[[6]]
¶ 9 After filing the motion for summary judgment, the Association asked Spokoiny on several occasions to voluntarily dismiss his lawsuit to avoid a fee claim, but he refused to do so. Spokoiny actively resisted the motion. He filed a response denying that his claims were moot. He claimed that he had suffered considerable damage from the Association's actions, and asked the court to grant him leave to file an amended complaint. He did not, however, dispute that he had failed to serve a summons.
¶ 10 The parties appeared before the court for oral argument on April 16, 2004. The judge said the motion would be granted, but allowed the parties to submit additional materials bearing on whether the dismissal should be with or without prejudice. Spokoiny filed a brief asking for dismissal without prejudice. He argued that his failure to pursue the avenue of appeal provided to him by the Association should not, under the circumstances, foreclose him from maintaining his lawsuit. He said he had tort claims, including one for emotional distress, that could not have been adequately addressed in appeals within the Association. The Association responded by emphasizing Spokoiny's voluntary choice not to exhaust a "readily available and applicable administrative remedy", the further appeal within the United States Soccer Federation.[7] In this brief, the Association made a request for attorney fees:
Therefore, not only should this matter be dismissed with prejudice, Mr. Spokoiny is legally obligated to pay the WSYSA for the Association's court costs, attorney fees, compensation for time spent in responding to his lawsuit, and all other expenses incurred by WSYSA.[[8]]
¶ 11 The court entered an order of dismissal with prejudice on May 17, 2004. The order allowed attorney fees and costs to the Association as provided for by the rules and bylaws:
The WSYSA is a private, non-profit, non-governmental entity that is governed by its own Rules which members agree to abide by. Plaintiff's claims related to his suspension, per the Association's governing rules, require that he follow the Association's procedures prior to filing a cause of *1145 action in court. Plaintiff has failed to do so.[[9]]
¶ 12 The Association filed a declaration from counsel detailing the time spent defending Spokoiny's suit. The court entered an order in June 2004 awarding attorney fees to the Association in the amount of $16,353.83.
¶ 13 Spokoiny appeals from both orders.

DISMISSAL
¶ 14 The Association moved for summary judgment based in part upon fatal procedural defects, including improper service. It is undisputed that service by fax was ineffective to commence a lawsuit. On appeal, the only issue Spokoiny contests with respect to the order of dismissal is whether the court erred by dismissing with prejudice.
¶ 15 We see no need to address that dispute on appeal. At oral argument, Spokoiny acknowledged that he no longer desires to revive the lawsuit. His sole objective in this litigation is avoiding the award of attorney fees.

BYLAWS AS CONTRACT
¶ 16 A court may award attorney fees based upon contract, statute, or recognized ground of equity. Pederson v. Potter, 103 Wash.App. 62, 74, 11 P.3d 833 (2000). The Association claims a contractual right to attorney fees based on Article 21 of the bylaws. Spokoiny contends there is no basis in law for an award of attorney fees because he does not have an employment contract with the Association.
¶ 17 The relationship between a social club and its members is one of contract. Garvey v. Seattle Tennis Club, 60 Wash.App. 930, 933, 808 P.2d 1155 (1991); see also 6 Am.Jur.2d Associations and Clubs § 5 (1965)(an association's bylaws "constitute a contract" between the association and its members, and one who becomes a member of an association is deemed to have known and assented to its bylaws and "cannot be heard to object" to the enforcement of the bylaws). We conclude the bylaws, and specifically Article 21, are enforceable as a contract.
¶ 18 Spokoiny contends he was not aware of the provisions of Article 21 at the time he filed for a restraining order. He claims the Association never provided him with a copy of the bylaws, and he had no other way of obtaining them. This is not a tenable position. Spokoiny relied on Association Rule 603.2(d) as grounds for his appeal of the Ethics Committee decision. He cited and relied on specific provisions of the Administrative Handbook when he initiated the lawsuit with his motion for a restraining order: "As an attorney, I was certain that the WSYSA Ethics Committee did not have jurisdiction over the matter based on their failure to follow the Rules in their WSYSA Administrative Handbook".[10] All of the Association's Rules and Bylaws are contained in the Administrative Handbook, including Article 21. In fact, Article 21 and other pertinent bylaws were attached to Anna Shaw's declaration in support of the March 15 motion for summary judgment. Having cited and relied on the Administrative Handbook to bring his own lawsuit, Spokoiny is charged with awareness that pursuing the lawsuit without first exhausting his appeal rights within the Association would put him in jeopardy with respect to attorney fees.

FUTILITY
¶ 19 Spokoiny claims he should be excused from the obligation of exhausting his administrative remedies on grounds of futility.
¶ 20 While a party will not be required to exhaust administrative remedies where resort to them would be futile, this exception to the exhaustion doctrine applies only in rare factual situations. Dils v. Labor & Industries, 51 Wash.App. 216, 219, 752 P.2d 1357 (1988). Even those remedies the plaintiff "thought to be unavailing" should be pursued. Dils, 51 Wash.App. at 219, 752 P.2d 1357. A party cannot rely on bare assertions to support a claim of futility. *1146 Ventures Northwest v. State, 81 Wash.App. 353, 369, 914 P.2d 1180 (1996).
¶ 21 The remedy available to Spokoiny when he filed his lawsuit in January was to appeal the Ethics Committee decision. He did appeal the decision, but at the same time filed for a restraining order because he did not think the Association would move fast enough to protect his right to coach upcoming games. Spokoiny has not cited authority showing that a fear of delay in an administrative system justifies premature resort to the courts. But more important, he has not explained why he was justified in insisting on continuing with his lawsuit even after the Association swung into action and gave him a de novo hearing, just as he requested, and even after he vastly improved his position as a result of the hearing, to the point where he decided not to appeal further. His appeal to the Executive Board was the opposite of futile.
¶ 22 Spokoiny also bases his futility argument on the contention that a further appeal at the national level could not have granted him the type of relief he wanted to pursue in court. In a declaration addressing exhaustion of remedies below, he stated that he wanted to pursue tort claims:
Furthermore, the right to appeal to USSF [United States Soccer Federation] would not address the wrongs that I am seeking redress for in the instant action.... The actions of WSYSA, and its agents and member clubs and associations, have caused me considerable emotional distress, defamed my character and resulted in me being wrongfully discharged from my coaching position.[[11]]
¶ 23 Spokoiny's original action in the trial court did not allege any tort claims. It was a motion for a temporary restraining order, in which Spokoiny requested the court to enjoin the Association from enforcing the Ethics Committee's five-year suspension. Once he achieved that objective by way of the Executive Board's decision on rehearing, he took no further action in court toward litigating tort claims. So it will not do to argue, in hindsight, that the lawsuit was intended to achieve relief not available through the Association's internal procedures. We conclude Spokoiny has not met the heavy burden placed on a litigant to show futility of resort to administrative remedies.

ATTORNEY FEE AWARDS
¶ 24 Spokoiny contests Judge Yu's award of attorney fees to the Association. We review an award of attorney fees for abuse of discretion. Abuse of discretion is shown when the trial court's decision is manifestly unreasonable or based on untenable grounds. Eugster v. City of Spokane, 121 Wash.App. 799, 814, 91 P.3d 117 (2004).
¶ 25 Spokoiny first contends the Association waived its claim for attorney fees because the claim was first raised below in the Association's responding brief on exhaustion of remedies. In support of this position, Spokoiny cites Cowiche Canyon Conservancy v. Bosley, 118 Wash.2d 801, 809, 828 P.2d 549 (1990) (assignment of error on appeal is waived when the party who assigns the error does not present argument on it until the reply brief).
¶ 26 Cowiche Canyon is inapposite as it pertains to issues raised for the first time in a reply brief on appeal. Spokoiny has cited no authority supporting the proposition that a claim of attorney fees in the trial court comes too late when it is raised for the first time in a supplemental responding brief in connection with a motion for summary judgment. Spokoiny had ample opportunity to object to the Association's motion for attorney fees. He filed an opposition to the motion on June 11, 2004, in which he made the same arguments that we have considered on appeal. We conclude there was no waiver.
¶ 27 Next, Spokoiny contends the trial judge improperly entered the order of May 17, in which she ruled that the Association was entitled to attorney fees. The judge made handwritten changes to the Association's proposed order of dismissal with prejudice, to make clear her basis for awarding attorney fees. Spokoiny contends she failed to obtain his initials, in violation of a local *1147 rule.[12] This argument is without merit. The trial judge was editing an order proposed by counsel, and thus was creating the order that she then signed; she was not making changes to an order or judgment already signed.
¶ 28 Similarly lacking in merit is Spokoiny's argument that the order in question is defective because its reference to "statutory attorney fees and costs" is inconsistent with the earlier order allowing fees and costs "as provided for in the Association's Rules and bylaws governing this matter."[13] Any possible doubt about what the judge intended was clarified in her later order granting the Association's motion for attorney fees, which states:
On May 17, 2004, the Court dismissed Mr. Spokoiny's lawsuit with prejudice and also ordered that the WSYSA was entitled to an award of attorney fees and costs pursuant to the WSYSA bylaws. The time period for reconsideration of that order has expired.[[14]]
¶ 29 Spokoiny has not provided a compelling reason to reverse the award of attorney fees. The Association has established a contractual basis for the award in Article 21, and the orders are satisfactory as against Spokoiny's technical arguments.
¶ 30 The Association requests attorney fees on appeal under the Association's Bylaws, Article 21, and RAP 18.1. Under Article 21, a party who fails to exhaust administrative remedies is liable to the WSYSA "for all expenses incurred ... in defending each court action."[15] Where there is a basis for an award of attorney fees to the prevailing party at trial, the appellate court has authority to make such an award on appeal. Standing Rock Homeowners Ass'n v. Misich, 106 Wash.App. 231, 247, 23 P.3d 520, review denied, 145 Wash.2d 1008, 37 P.3d 290 (2001). The request is granted.
¶ 31 The judgment is affirmed. The Washington State Youth Soccer Association is awarded attorney fees for the appeal.
WE CONCUR: KENNEDY and COLEMAN, JJ.
NOTES
[1] Clerk's Papers at 7.
[2] Clerk's Papers at 12.
[3] Letter from Michael Walter, counsel for the Association, to Spokoiny, dated January 28, 2004; attached to the Narrative Report of Proceedings.
[4] E-mail letter from Spokoiny to the Association, dated 2/10/04, Clerk's Papers at 91.
[5] Association Bylaw Article 21, Clerk's Papers at 129.
[6] Association Bylaws, Article 21, Clerk's Papers at 129.
[7] Clerk's Papers at 157.
[8] Clerk's Papers at 157.
[9] Clerk's Papers at 179-80.
[10] Clerk's Papers at 21, Declaration in Support of Motion.
[11] Clerk's Papers at 147.
[12] King County Local Rule 54(g) provides:

"All interlineations, corrections, and deletions in orders and judgments signed by the Court and in any document incorporated by reference in an order or judgment must be initialed and dated by the Judge and by counsel for any party affected."
[13] Clerk's Papers at 179:

"ORDERED, ADJUDGED AND DECREED that Defendant WSYSA is the prevailing party on this Motion and is, therefore, entitled to statutory attorney fees and costs as provided for in the Association's Rules & bylaws governing this matter."
[14] Clerk's Papers at 262.
[15] Association Bylaws, Article 21, Clerk's Papers at 129.