# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| LESTERS PAINTING, LLC, a Washington limited liability company, | No. 59928-7-II |
| Respondent, | |
| v. | |
| CARL PERAZA and SUSAN PERAZA, a married couple, | ORDER GRANTING MOTION TO PUBLISH AND PUBLISHING OPINION |
| Appellants. | |

Respondent, Lesters Painting, LLC, filed a motion to publish this court's opinion filed on November 4, 2025. After consideration, the court grants the motion. It is now

**ORDERED** that the final paragraph in the opinion which reads "A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record pursuant to RCW 2.06.040, it is so ordered." is deleted. It is further

**ORDERED** that the opinion will now be published.

**FOR THE COURT**

**PANEL**: Jj. Lee, Glasgow, Che

_____
LEE, JUDGE

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| LESTERS  PAINTING,  LLC,  a  Washington limited liability company, | No.  59928-7-II |
| Respondent, | |
| v. | |
| CARL PERAZA and SUSAN PERAZA, a married couple, | UNPUBLISHED OPINION |
| Appellants. | |

LEE, P.J. — Carl and Susan Peraza (the Perazas) appeal the superior court's order confirming the sheriff's sale and order denying their motion to vacate default judgment and quash the sheriff's sale.[1]  The Perazas argue the superior court abused its discretion when it refused to vacate the default judgment.  We hold that the superior court did not abuse its discretion and affirm.

---

[1]  In their challenge to the order confirming the sheriff's sale, the Perazas simply state that because the superior court "did not give notice to the Perazas, the order is void."  Br. of Appellant at 15. The Perazas do not provide any arguments or analysis to support their assertion.  "Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290, *review denied*, 136 Wn.2d 1015. (1998).  Therefore, the Perazas challenge to the order confirming the sheriff's sale fails.

In their reply brief, the Perazas argue for the first time that the superior court's award of attorney fees should be vacated.  Because this issue is raised for the first time in their reply brief, we do not address this issue.  *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) ("An issue raised and argued for the first time in a reply brief is too late to warrant consideration.").

FACTS

A.    BACKGROUND

In August 2021, the Perazas made an oral contract with Lesters Painting for labor, materials, and services related to repairs and remodeling on the Perazas' property in Battle Ground, Washington.  During the project, Lesters Painting sent to the Perazas 10 invoices for work on the project.  The invoices totaled $72,026.32.  The Perazas only paid Lesters Painting $6,000.

On April 7, 2022, the Perazas executed a promissory note to pay Lesters Painting $60,000 within sixty days for the work on the Perazas' property.  The promissory note provided that the Perazas would be liable for "all costs . . . including without limitation the complete legal costs" resulting from any default by the Perazas.  Clerk's Papers (CP) at 55.  The Perazas failed to make any payment on the promissory note.

B.    PROCEDURAL HISTORY

On July 25, 2022, Lesters Painting filed a complaint against the Perazas.  The complaint alleged breach of contract, breach of promissory note, and unjust enrichment and sought $60,000 in damages.  The Perazas resided in California.  After several attempts at personal service, substitute service was effectuated at the Perazas' California residence on October 12, 2022.

1.    Default and Default Judgment

On December 15, 2022, Lesters Painting filed a motion for default after the Perazas failed to appear in the action or answer the complaint.  On December 16, the superior court granted Lesters Painting's motion for an order of default.

On December 21, the superior court entered an order for default judgment against the Perazas in the amount of $66,597.

On June 1, 2023, the Perazas filed a motion to vacate the order of default. The Perazas argued that the order of default should be vacated "based on failure of service." CP at 125. The superior court found the Perazas failed to prove by clear and convincing evidence that service was improper. The court stated that there was no basis in the record for the court to find mistake, inadvertence, or excusable neglect that would give the court discretion to vacate the default. As a result, the superior court denied the motion to vacate the order of default. The Perazas did not appeal this decision.

2.      Writ of Execution and Sheriff's Sale

On June 27, 2023, Lesters Painting sought a writ of execution on the Perazas' Battle Ground property, which the superior court granted. The sheriff's sale occurred on October 27, and the Battle Ground property was sold to Nylund, Inc. for $140,000 to satisfy the judgment of $66,597. All parties received notice of the sheriff's return on sale on October 30. The notice provided that the creditor or purchaser was entitled to an order confirming the sale unless the debtor objected within twenty days. The superior court signed an order confirming the sale after the twenty-day period lapsed without any action by the Perazas.

3.      Motion to Vacate Default Judgment and Quash the Sheriff's Sale

On November 20, 2023, the Perazas, through new counsel retained in September, filed a motion to vacate default judgment and to quash the sheriff's sale, along with an answer to the complaint filed in July 2022. In their answer, the Perazas primarily focused on Lesters Painting's failure to provide documentation for purchased materials and labor records to support its invoices.

The Perazas conceded that they received invoices from Lesters Painting, but the Perazas alleged in their answer to the complaint that the parties orally agreed that Lesters Painting would

provide documentation supporting those invoices. The Perazas' answer also claimed that they had orally agreed Lesters Painting would track its "material purchases for the work and the labor hours and wages and . . . use them to substantiate any invoice." CP at 279. The Perazas' answer further alleged that the Perazas did not sign a promissory note—rather, Carl[2] initialed the promissory note because Lesters Painting fraudulently promised to provide documentation supporting the invoices. In his declaration, Carl did not address any contract terms, but Carl did state that he "want[ed] to see the invoices and labor records upon which Lesters [Painting] basis [sic] the 10 invoices." CP at 289.

In their motion to vacate the default judgment, the Perazas argued that "[t]he sole issue" was Lesters Painting's refusal to provide original invoices for the materials and labor. CP at 291. The Perazas maintained that there was clear evidence of a defense; that "[i]n spite of this court's finding that service was proper," the Perazas promptly retained counsel after becoming aware in March 2023 of the lawsuit and default judgment; that they moved to vacate after learning of the default judgment; and that any hardship to Lesters Painting is the result of its refusal to provide original invoices. CP at 292.

On December 8, the superior court heard arguments on the motion to vacate default judgment and to quash the sheriff's sale. During the hearing, the Perazas clarified that they were not disputing the previous finding that service was proper. Rather, the Perazas argued that "in order for a default judgment to be taken, the defendant—or the plaintiff must produce admissible evidence to establish a claim. As I have indicated, there is no evidence sustaining the consideration

---

[2] Because Carl and Susan have the same last name, we refer to them by their first names where necessary to avoid confusion. We intend no disrespect.

4

for the $60,000 note." Verbatim Rep. of Proc. (VRP) (Dec. 8, 2023) at 4. The Perazas also argued that the sheriff's sale was a constitutional taking without due process. Lesters Painting responded by arguing that the "issue of the invoice" was not relevant to the claim that the Perazas failed to pay under the promissory note. VRP (Dec. 8, 2023) at 8.

After hearing the parties' arguments, the superior court stated that it did not find "a basis either constitutionally, statutorily, or based on our rules of procedure to vacate the orders entered by the court." VRP (Dec. 8, 2023) at 12. The superior court found the Perazas' argument did not meet the standard for vacating the default judgment and reversing the writ of execution. Finally, the superior court found that the Perazas had sufficient notice because the statutory requirements for notice were met and the Perazas were represented by counsel. Accordingly, the superior court denied the Perazas' motion to vacate the default judgment and quash the sheriff's sale.

The Perazas appeal.

ANALYSIS

A.    MOTION TO VACATE DEFAULT JUDGMENT

The Perazas argue that the superior court abused its discretion when it denied the Perazas' motion to vacate the default judgment and quash the sheriff's sale.[3] We disagree.

We review decisions to set aside default judgments for abuse of discretion. *Little v. King*, 160 Wn.2d 696, 702, 161 P.3d 345 (2007). A superior court abuses its discretion "by making a decision that is manifestly unreasonable or by basing its decision on untenable grounds or

---

[3] Except as noted in footnote 1 above, the Perazas provide no argument with regard to the sheriff's sale. Therefore, we do not address the Perazas' challenge to the superior court's order denying the Perazas' request to quash the sheriff's sale. *See Holland*, 90 Wn. App. at 538.

untenable reasons." *VanderStoep v. Guthrie*, 200 Wn. App. 507, 518, 402 P.3d 883 (2017), *review denied*, 189 Wn.2d 1041 (2018). "[W]e are more likely to find an abuse of discretion when the [superior] court denies a motion to set aside a default judgment than when the [superior] court grants such a motion." *Id.* "[D]efault judgments generally are disfavored because courts prefer to resolve cases on their merits." *Id.* at 517.

CR 60(b)(1) provides relief from a judgment for "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order." In determining whether a default judgment should be vacated under CR 60(b)(1), courts apply a four-prong test that examines whether:

> (1) . . . there is substantial evidence supporting a prima facie defense; (2) . . . the failure to timely appear and answer was due to mistake, inadvertence, surprise, or excusable neglect; (3) . . . the defendant acted with due diligence after notice of the default judgment; and (4) . . . the plaintiff will not suffer a substantial hardship if the default judgment is vacated.

*Little*, 160 Wn.2d at 703-04. The first two factors are the primary considerations in whether to set aside a default judgment, and the second two factors are secondary. *Id.* at 704. "Where a party fails to provide evidence of a prima facie defense and fails to show that its failure to appear was occasioned by mistake, inadvertence, surprise, or excusable neglect, there is no equitable basis for vacating judgment." *Id.* at 706.

1.    Prima Facie Defense

The Perazas argue that they presented substantial evidence of a prima facie defense to the default judgment because Lesters Painting failed to provide documentation to support the amounts in the invoices. We disagree.

In determining whether to vacate a default judgment, courts first consider whether there is substantial evidence supporting a prima facie defense. *Id.* at 703-04. When determining whether substantial evidence supports a prima facie defense, the superior court must make all reasonable inferences from the evidence in favor of the party moving to vacate the default orders. *Ha v. Signal Elec., Inc.*, 182 Wn. App. 436, 449, 332 P.3d 991 (2014), *review denied*, 182 Wn.2d 1006 (2015). The defendant must provide concrete facts and cannot merely rely on allegations. *Id.* "The trial court need only determine whether the defendant is able to demonstrate any set of circumstances that would, if believed, entitle the defendant to relief." *Id.*

Lesters Painting claimed three bases for recovery in its complaint: breach of contract, breach of promissory note, and unjust enrichment. Because the Perazas failed to present substantial evidence to support a prima facie defense, the superior court did not abuse its discretion in denying the Perazas' motion to vacate the default judgment.

2.      Failure to Show Prima Facie Defense to Default Judgment

a.      Breach of contract

The Perazas fail to present evidence of a prima facie defense to the default judgment on the breach of contract claim. Other than claiming in their late-filed answer to the complaint that the parties had orally agreed that Lesters Painting would provide documentation to support their invoices, there is no evidence refuting the amount of damages in the judgment on the breach of contract claim. An answer to a complaint merely sets forth allegations and is insufficient to support a prima facie defense. *See Ha*, 182 Wn. App. at 449 ("The defendant must set out concrete facts

and cannot merely state allegations.").[4]  Thus, the Perazas have failed to meet their burden to show a prima facie defense to judgment on the breach of contract claim.

        b.       Breach of promissory note

The Perazas argue that because Lesters Painting did not provide documentation to support its invoices, there was no consideration for the promissory note.  The Perazas also argue that Carl initialed the promissory note with the understanding that Lesters Painting would provide documentation supporting its invoices as a condition precedent to its enforceability.

A promissory note is a contract to pay money.  *Dep't. of Revenue v. Sec. Pac. Bank of Wash.*, 109 Wn. App. 795, 808, 38 P.3d 354 (2002).  To be enforceable, a contract must be supported by consideration.  *SAK & Associates, Inc. v. Ferguson Const., Inc.*, 189 Wn. App. 405, 411, 357 P.3d 671 (2015).  "Consideration is a bargained-for exchange of promises."  *Labriola v. Pollard Grp., Inc.*, 152 Wn.2d 828, 833, 100 P.3d 791 (2004).  "Consideration is 'any act, forbearance, creation, modification or destruction of a legal relationship, or return promise given in exchange.'"  *Id.* (quoting *King v. Riveland*, 125 Wn.2d 500, 505, 886 P.2d 160 (1994)).

Here, Lesters Painting sent to the Perazas 10 invoices for work on the project totaling $72,026.32.  The Perazas only paid Lesters Painting $6,000.  The Perazas then executed a promissory note to pay Lesters Painting only $60,000, which is less than the amount owed to Lesters Painting.  Based on this record, there was consideration.

The Perazas rely only on their late-filed answer to support their arguments; Carl's declaration is silent as to the promissory note.  An answer to a complaint merely sets forth

---

[4]  Also, the only argument put forth by the Perazas is that it was unjust and inequitable to enter the default judgment because Lesters Painting knew the Perazas contested the debt owed.

allegations and is insufficient to support a prima facie defense. *See id.* at 449 ("The defendant must set out concrete facts and cannot merely state allegations.").

Also, apart from an assertion in the late-filed answer that Lesters Painting orally agreed to provide material invoices and labor records, there is no evidence supporting a prima facie defense to the amount of the default judgment on the promissory note. *See Little*, 160 Wn.2d at 704 (Generally, "a party who moves to set aside a judgment based upon damages must present evidence of a prima facie defense to those damages."). Instead of presenting evidence challenging the amount of damages under the promissory note, the Perazas' argument relates to the enforceability of the promissory note. The Perazas' argument that the promissory note is unenforceable is not a defense to the amount of damages in the default judgment under the breach of promissory note claim. Therefore, the Perazas fail to meet their burden of showing a prima facie defense to default judgment for the breach of promissory note claim.

c.       Unjust enrichment

Unjust enrichment allows a party to recover the value of a benefit retained in the absence of a contractual relationship because fairness and justice require it. *Austin v. Ettl*, 171 Wn. App. 82, 92, 286 P.3d 85 (2012). "A claim for unjust enrichment consists of three elements: (1) a plaintiff conferred a benefit upon the defendant, (2) the defendant had knowledge or appreciation of the benefit, and (3) the defendant's accepting or retaining the benefit without the payment of its value is inequitable under the circumstances of the case." *Id.*

The Perazas provided no evidence of a prima facie defense to the default judgment on Lesters Painting's unjust enrichment claim. And the Perazas provide no argument addressing a prima facie defense to the judgment on the unjust enrichment claim.

To the extent the Perazas argue that Lesters Painting's failure to provide documentation to support the invoices is a defense, this argument fails. The Perazas' argument relates exclusively to the enforceability of the contracts at issue here. Accordingly, the Perazas' argument that the contracts with Lesters Painting are unenforceable is not a defense to Lesters Painting's claim that the Perazas obtained a benefit at Lesters Painting's expense such that justice requires recovery in the amount stated in the default judgment. Therefore, the Perazas fail to show a prima facie defense to default judgment on the unjust enrichment claim.

In sum, the Perazas fail to present substantial evidence of a prima facie defense to any of the damages in the default judgment on Lesters Painting's claims.

3.      Failure to Show Mistake, Inadvertence, Surprise, or Excusable Neglect

The Perazas argue that they are entitled to relief because their failure to timely appear was due to mistake, inadvertence, surprise, or excusable neglect. We disagree.

In determining whether to vacate a default judgment, the second consideration is whether the failure to timely appear and answer was due to mistake, inadvertence, surprise, or excusable neglect. *Little*, 160 Wn.2d at 704. The superior court has broad discretion over the issue of excusable neglect, and it exercises that discretion on a case-by-case basis. *Rosander v. Nightrunners Transp., Ltd.*, 147 Wn. App. 392, 406, 196 P.3d 711 (2008). The superior court may make credibility determinations or weigh evidence to determine whether there has been mistake, inadvertence, or excusable neglect. *VanderStoep*, 200 Wn. App. at 526.

Other than a bare statement that the Perazas did not learn of the default judgment due to mistake, inadvertence, surprise, or excusable neglect, the Perazas provide no argument or legal authority that supports their assertion. Therefore, we decline to consider whether the Perazas

10

satisfy this element. *In re Guardianship of Ursich*, 10 Wn. App. 2d 263, 278, 448 P.3d 112 (2019), *review denied*, 194 Wn.2d 1022 (2020); *see also* RAP 10.3(a)(6).

To the extent the Perazas are attempting to argue that they were justified in failing to timely appear due to mistake, inadvertence, surprise, or excusable neglect, the superior court resolved this issue when it denied the Perazas' motion to vacate the default order. The Perazas did not appeal the superior court's order denying their motion to vacate the default order, and they do not contend that service was improper in this appeal. Accordingly, the Perazas fail to show mistake, inadvertence, surprise, or excusable neglect.

Because the Perazas failed to provide evidence of a prima facie defense and cannot show that their failure to appear was occasioned by mistake, inadvertence, surprise, or excusable neglect (the primary considerations in determining whether to set aside a default judgment), there is no equitable basis for vacating the default judgment. *See Little*, 160 Wn.2d at 706.[5]

B.    ATTORNEY FEES ON APPEAL

Lesters Painting requests attorney fees on appeal based on the promissory note and RAP 18.9. We grant Lesters Painting's request for attorney fees on appeal.

Under RAP 18.1, we may grant attorney fees as applicable law allows. When a contract authorizes attorney fees at trial, they are also available on appeal. *Thompson v. Lennox*, 151 Wn. App. 479, 491, 212 P.3d 597 (2009).

---

[5] Because the primary considerations for setting aside a default judgment are not met, we need not address the third and fourth factors to reach our determination that there is no equitable basis for vacating the default judgment. However, we note that even if the Perazas did not become aware of the default order and default judgment until March 2023, they did not move to vacate the December 2022 default order until almost three months later, in June 2023. And they did not move to vacate the default judgment until November 2023.

In the promissory note, the Perazas agreed that they would be liable for "all costs . . . including without limitation the complete legal costs" resulting from any default by the Perazas. CP at 55. Because we affirm the superior court, Lesters Painting is entitled to attorney fees under this provision.[6]

## CONCLUSION

Because the superior court did not abuse its discretion when it denied the Perazas' motion to vacate default judgment, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, P.J.

We concur:

Glasgow, J.

Che, J.

---

[6] Because we grant attorney fees on appeal to Lesters Painting pursuant to RAP 18.1 and the promissory note, we do not address Lesters Painting's request for attorney fees on appeal pursuant to RAP 18.9.